IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA JO KERNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-298-RAW-SPS |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Angela Jo Kerns requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was thirty-eight years old at the time of the administrative hearing (Tr. 35). She completed high school and has worked as a veterans claim representative and loan officer (Tr. 24, 196). The claimant alleges inability to work since August 31, 2012, due to ADHD, back injury with four bulging discs, anxiety, mania, depression, and insomnia (Tr. 195-196).

## Procedural History

On March 13, 2018, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The application was denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 29, 2019 (Tr. 15-25). The Appeals Council denied review, so ALJ McClain's 2019 opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

ALJ McClain made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), *i. e.*, she could lift/carry twenty pounds occasionally

and ten pounds frequently, stand/walk at least six hours in an eight-hour workday, and sit at least six hours in an eight-hour workday, but that she could only occasionally stoop (Tr. 19). Additionally, he found that she was capable of simple, repetitive tasks and only occasional interaction with supervisors and co-workers, but that she was unable to work with the public (Tr. 19). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *i. e.*, marker and housekeeping cleaner (Tr. 24-25).

### Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the evidence as to her impairments, both physical and mental, and (ii) erred at step 5 in his findings related to the work she could perform. The undersigned Magistrate Judge agrees with the claimant's first contention as to her mental impairments, and the decision of the Commissioner should be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease, depression, anxiety, and ADHD (Tr. 17). The medical evidence as to her physical impairments demonstrates that, from at least 2016, the claimant regularly complained of low back pain and was treated with injections (Tr. 296-298, 300-394). A November 21, 2016 MRI showed severe stenosis at the right at L3-4 and bilaterally at L5-S1 (Tr. 298, 417).

As to her mental impairments, the claimant underwent a psychiatric exam with Dr. Robert Hensley, D.O. on May 10, 2018 (Tr. 402). He assessed her with major depressive disorder, and ADD, prescribing medications for both (Tr. 403).

On May 24, 2018, Dr. Alyssa Rippy, Ph.D., conducted a mental status examination of the claimant (Tr. 409). Dr. Rippy noted the claimant had pressured speech and interrupted the examiner and her husband, and that she appeared easily distracted (Tr. 409). Dr. Rippy assessed her with ADHD, as well as generalized anxiety disorder, moderate (Tr. 411). Dr. Rippy stated that the claimant's prognosis was poor, noting she was on a high dose of ADHD medication and still had prominent symptoms. She further stated that the claimant would "likely have moderate issues coping and adapting to a workplace environment due to ADHD including difficulty completing tasks, making simple mistakes due to inattention, difficulty learning complex material that requires sustained focus, and difficulty coping with work-related stress due to anxiety. She would likely have severe difficulty with attention and concentration and would likely have decreased productivity. She would have mild difficulty interacting with others effectively due to anxiety. She may also have difficulty forming relationships due to hyperactivity and often interrupting others" (Tr. 411).

State reviewing physicians determined initially and upon reconsideration that she could perform light work with no additional limitations other than a limitation to occasional stooping (Tr. 67-68, 86-87). As to her mental impairments, Dr. Mary Rolison, Ph.D., found that the claimant was markedly limited in the ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public, but that she was otherwise not significantly limited (Tr. 69-70). She concluded that the claimant could perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and adapt to a work situation, but that she could not relate

to the general public (Tr. 70). On reconsideration, Dr. William H. Farrell, Ph.D., found that the claimant was markedly limited in the ability to carry out detailed instructions and interact appropriately with the general public, and moderately limited in the ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, completely a normal workday and workweek without interruptions, and respond appropriately to changes in the work setting (Tr. 89-90). Despite these differences from Dr. Rolison's assessment, he likewise concluded that the claimant could perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and adapt to a work situation, but that she could not relate to the general public (Tr. 90).

In his written opinion at step four, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record (Tr. 19-23). As for her physical impairment, the ALJ noted, *inter alia*, the 2016 MRI report, as well as the treatment records for her back pain (Tr. 21-22). He concluded that the opinion evidence as to her physical impairments, which only consisted of the state reviewing physician opinions, was consistent with the MRI and treatment history largely consisting of steroid injections, and that it was therefore persuasive (Tr. 22-23). As to her mental impairments, the ALJ noted the treatment record, and thoroughly summarized Dr. Rippy's examination notes (Tr. 21-22). The ALJ also found her opinion persuasive, stating that the limitation to simple tasks and no work with the public accounted for her prognosis (Tr. 23). The ALJ then concluded that there was work she could perform and that she was therefore not disabled (Tr. 24-25).

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a) & 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b) & 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c) & 416.920c(c). Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2) & 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3) & 416.920c(b)(3).

In this case, the ALJ thoroughly summarized the opinions from Dr. Rippy, but erred in the analysis. The regulations discussed above require the ALJ to explain how persuasive he found the medical opinions he considered, and as part of that explanation, also require him to specifically discuss the supportability and consistency factors. *See* 20 C.F.R. §§ 416.920c(b), 416.920c(c). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. § 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ failed to meaningfully apply these factors at all to Dr. Rippy's opinion. Indeed, it is unclear *how* the assigned RFC accounts for her "persuasive" opinion. While the ALJ purportedly found the ALJ's opinion persuasive it is unclear why he adopted some limitations she advised while ignoring others. Dr. Rippy identified mild difficulty interacting with others, and the RFC *does* limit her from working with the public (but not supervisors or co-workers). Even assuming *arguendo* that the RFC accounts for this mild limitation, which is questionable, it is unclear how the RFC likewise accounts for the moderate issue of coping and adopting to a workplace environment, or the severe difficulty with attention and concentration, as well as decreased productivity. It was error for the ALJ to "pick and choose" his way through the evidence in this record in order to avoid finding the claimant disabled, which appears to be the case based on the transcript from the administrative hearing (Tr. 54-56). *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports,

-8-

using portions of evidence favorable to his position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]; *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted].

Indeed, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The Court must be able to follow the logic, and here it cannot. *See Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013) ("When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.") (*citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003)).

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of *all evidence* in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what

work, if any, the claimant can perform in light of the entirety of her RFC, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 24th day of February, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**